FILED —— ENTERED
LODGED —— RECEIVED

NOV 21 2006

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

Hon. Marsha J. Pechman

06-CV-01669-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MCDONALD INVESTMENTS INC.,

    Plaintiff,

v.

MICHAEL FARNHAM, RALPH WALKER, LOREN DOLS AND CELINA BRADSHAW,

    Defendants

NO. 06-CV-01669MJP

[PROPOSED]
TEMPORARY RESTRAINING ORDER
AND ORDER PERMITTING
EXPEDITED DISCOVERY

THIS MATTER came before the Court on Plaintiffs Motion for Entry of Temporary Restraining Order. The Court has considered the records and files of this proceeding, including the materials submitted by McDonald Investments Inc. in support of its motion, materials submitted by Defendants in opposition to the motion and *reply* _____:

**PRELIMINARY FINDINGS OF FACT**

1. Plaintiff McDonald Investments Inc. ("McDonald") is a broker-dealer of securities and a member firm of the National Association of Securities Dealers, Inc. ("NASD"). McDonald is an Ohio Delaware corporation, with its principal place of business in Ohio and an office in Seattle, Washington. McDonald is the surviving entity of a 1999 merger between McDonald and Key Investments Inc.

TEMPORARY RESTRAINING ORDER - 1

118385.0002/1341954.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Dockets.Justia.com

2. Defendant Michael Farnham is a former registered representative and employee of McDonald who operated out of McDonald's office in Seattle, Washington.

3. Defendant Ralph Walker is a former registered representative and employee of McDonald who operated out of McDonald's office in Seattle, Washington.

4. Defendant Loren Dols is a former registered representative and employee of McDonald who operated out of McDonald's office in Seattle, Washington.

5. On November 10, 2006, all of the individual defendants voluntarily resigned their employment with McDonald and became employed as registered representatives with Merrill Lynch, :Pierce Fenner & Smith in its Seattle, Washington office.

6. Defendants Farnham, Dols and Walker entered into Employee Agreements with Key Investments Inc. now merged with of McDonald Investments Inc. Defendant Bradshaw entered into an Employment Agreement with McDonald Investment Inc.

7. In each of the defendants' employment agreements defendants agreed they would not solicit, for a period of one (1) year from the date of termination of his/her employment, any of the clients of McDonald whom Employee served or other clients of McDonald whose names became known to defendant while in the employ of McDonald in the office of McDoanld in which defendants were employed, and who reside within one hundred (100) miles of the office in which defendants were employed.

8. In each of the defendant's employment agreements they acknowledged that in the course of their employment at McDonald they would receive access to information regarding McDonald's customers and defendants agreed such information was confidential and that they would not remove it or use it for any purpose other than on behalf of McDonald and that they would return any such information after their termination from McDonald.

9. The defendants' employment agreements state that they are governed by Ohio law.

10. McDonald is not a party to the "Protocol for Broker Recruiting."

TEMPORARY RESTRAINING ORDER - 2

## CONCLUSIONS OF LAW

1. There is complete diversity of citizenship between the Plaintiff and the defendants, and the Court has jurisdiction of this dispute.

2. The Court has considered the factors specified in E. & J. Gallo Winery v. Andino Licores S.A., 446 F. 3d 984 (9th Cir. 2006), as well as the Washington, Ohio and other law cited in Plaintiffs Motion. "A preliminary injunction is appropriate 'where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor.'" Id. at 990 (citations omitted). For the reasons discussed below, the Court concludes that Plaintiff has met its burden.

3. Plaintiff has demonstrated that it is likely to succeed on the merits at the hearing of this dispute before NASD Dispute Resolution, Inc. ("NASD-DR").

4. Plaintiff faces the possibility of irreparable injury in that (a) McDonald's customers expect their financial information to be kept confidential and may lose trust and confidence in the firm when they learn that this confidential information has been taken without their authorization by the individual defendants to a new employer; (b) McDonald's other employees may be encouraged to violate their own employment contracts, and their statutory and common law duties to McDonald, if the defendants here are not immediately enjoined from doing so themselves; and (c) Plaintiff's damages may be incapable of determination with any reasonable degree of certainty.

5. Plaintiff faces the possibility of irreparable injury if: (a) defendants or their agents are permitted to continue to solicit business from the former McDonald customers and accounts in violation of the Employment Agreements that they executed; and/or (b) if any of the defendants or their agents are permitted to retain, use or disclose for their own benefit or for the benefit of their new employer, Merrill Lynch, the records of McDonald or information taken from McDonald.

TEMPORARY RESTRAINING ORDER - 3

6. As discussed above, Plaintiff has met the Ninth Circuit standard for issuance of immediate injunctive relief by demonstrating the combination of likely success on the merits with the possibility of irreparable injury. In addition, Plaintiff has met the Ninth Circuit's alternative standard for issuance of immediate injunctive relief by raising serious questions on the merits and showing that the balance of hardships tips sharply in its favor. Specifically, (a) Plaintiff has raised serious questions as to whether the defendants have breached their contractual, statutory and/or common law duties to Plaintiff, and (b) the balance of the hardships tips sharply in favor of the Plaintiff because defendants cannot be heard to argue that having to abide by their contractual, statutory and/or common law obligations is a "hardship."

7. Plaintiff does not have an adequate remedy at law.

8. In view of the considerations described above, the balance of equities in this matter favors Plaintiff McDonald and entitles it to immediate injunctive relief.

9. This dispute should proceed in arbitration before NASD-DR, which may extend, modify, or vacate this Order.

**ORDER**

1. A Temporary Restraining Order shall issue immediately pursuant to Fed. R. Civ. P. 65(c), with security in the amount of $10,000 to be posted by Plaintiff no later than 12:00 a.m. on Nov 22, 2006;

2. The show cause hearing on the preliminary injunction is set for December 6, 2006 at 9:00 a.m. in the undersigned's courtroom in the Western District of Washington at Seattle, located at 700 Stewart Street in Seattle, Washington. At that time, defendants are ordered to appear and show cause why a preliminary injunction should not be issued.

3. The parties are hereby directed to use reasonable efforts to proceed with, and cooperate regarding, arbitration of this matter before NASD-DR.

TEMPORARY RESTRAINING ORDER - 4

118385.0002/1341954.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

4. Subject to the terms, conditions and exceptions of this Order, defendants whether alone or in concert with or through any others, including but not limited to, any officer, agent, representative, and/or employee of Merrill Lynch, shall be and hereby are enjoined from soliciting or initiating contact with, directly or indirectly, any customer whom they served and/or first became aware of while employed at McDonald who reside within 100 miles of McDonald Investment's Seattle, Washington, office and from soliciting, directly or indirectly, the securities business of any such customer (other than their immediate family members).

5. The defendants shall not utilize, directly or indirectly, any information or documents of McDonald which they obtained while they were employed withMcDonald, including but not limited to using this information in the solicitation of McDonald's customers.

6. The following exceptions shall apply to paragraphs 4 and 5 herein: Defendants may provide advice to, and effect transactions for (a) any McDonald customer who initiates contact with defendants for the purpose of transferring their McDonald account to Merrill Lynch and (b) any McDonald customers who transferred their account(s) to Merrilllynch in response to any mailing or solicitation made by defendants before this Order was issued, whether the transfer was made before or after the Order was issued, provided that as to any such customers who have not yet signed account transfer paperwork, the defendants and anyone acting in concert or participation with them may not communicate, directly or indirectly, to such customers anything to the effect that defendants would be free to talk to the customers if the customers sign account transfer forms. Collectively, the customers in subparagraphs (a) and (b) are referred to as 'Transferred Customers."

7. Defendants are ordered to return to counsel for defendants by 5:00 PM on Nov 22, 2006 all original records, copies, computerized information and/or other reproductions thereof, in whatever form, pertaining in any way to curent or former McDonald

TEMPORARY RESTRAINING ORDER - 5

1  customers (including, without limiting the generality of the foregoing, any compilations or reports containing names, addresses, telephone numbers, e-mail addresses and/or account numbers of current or former McDonald customers). Defendants' counsel shall be entitled to copy such records and keep such copies (including electronic copies), but shall not share the documents, electronic files, or their contents with defendants. Defense counsel shall return the originals to counsel for McDonald no later than __5__ p.m. on _Nov 22_, 2006. Moreover, by __5__ p.m. on _Nov 22_, 2006, all information contained in or derived from such records shall be purged from the possession, custody, and control of the defendants, but not their counsel. Notwithstanding the foregoing, defendants may retain copies of documents relating to Transferred Customers.

8.  Specifically, defendants are ordered to return to McDonald all of the following documents, whether in written or electronic format: (a) all records or other documents taken from McDonald or any of its affiliates (including without limitation records created by the individual defendants or their agents in connection with their employment by McDonald); (b) all copies or other reproductions of any of the foregoing records or other documents; (c) all notes or other documents reflecting information taken from McDonald and any of its affiliates; and (d) without limiting the generality of the foregoing, any and all other documents reflecting, memorializing, recording or incorporating information relating to McDonald customers and/or to their McDonald accounts (including, without limiting the generality of the foregoing, any compilations containing names, addresses, telephone numbers, e-mail addresses and/or account numbers of McDonald customers. Defendants shall deliver all of said materials to legal counsel for Plaintiff: Christopher B. Wells, Lane Powell LLC, Suite 4100, 1420 Fifth Avenue, Seattle, Washington 98101.

9.  Once defendants have complied with the foregoing directions to return McDonald's hard copy and electronic information to McDonald (through defendants' counsel), and to purge the electronic information from their laptops or home personal

TEMPORARY RESTRAINING ORDER - 6

1  computers and any other computer or electronic media on which the information is located or
2  stored or where such information is derived from the records taken from McDonald by
3  defendants, they shall each file declarations with the Court identifying the documents and
4  information that they have returned and the documents and information that they have
5  retained for Transferred Clients. Nothing in this paragraph shall prevent defendants' counsel
6  from maintaining electronic copies of documents and information purged from defendants'
7  computers.

8  10. This Order shall remain in full force and effect pursuant to Fed. R. Civ. P.
9  65(b) until the conclusion of the preliminary injunction hearing or until or unless the NASD-
10 DR arbitration panel that will hear this dispute on its merits elects to modify this Order.

12  IT IS SO ORDERED this 21 day of Nov, 2006. 3:50 PM

14  _____
    UNITED STATES DISTRICT JUDGE

TEMPORARY RESTRAINING ORDER - 7

118385.0002/1341954.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1  Presented by:

2  LANE POWELL, P.C.

3

4  By _____
5  Christopher B. Wells, WSBA No. 08302
   Christian N. Oldham, WSBA No. 14481
6  Attorneys for Plaintiff
   McDonald Investments Inc.

TEMPORARY RESTRAINING ORDER - 8

118385.0002/1341954.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107